**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARTA TOSI,**

           Plaintiff,

-vs-                                 Case No. 6:05-cv-431-Orl-28KRS

**ORANGE COUNTY SHERIFF'S OFFICE, ORANGE COUNTY, CITY OF ORLANDO, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, COLLINGTON CAMPBELL, VICKI BUFORD, UNKNOWN ORANGE COUNTY SHERIFF DEPUTIES,**

           Defendants.
___

## ORDER

This cause is once more before the Court on the motion to dismiss filed by Defendant Orange County Sheriff's Office ("Sheriff's Office") (Doc. 7). After further consideration of Defendant's motion, and the memorandum that the Sheriff's Office submitted in response to this Court's July 8, 2005 Order,[1] the Court determines, in accordance with 28 U.S.C. § 1367(c)(1),[2] that its exercise of supplemental jurisdiction over Plaintiff Marta Tosi's claims against the Sheriff's Office is no longer appropriate.

___

[1] Doc. 50.

[2] 28 U.S.C. § 1367(c)(1) provides that "[t]he district court may decline to exercise supplemental jurisdiction over a claim under . . . if . . . the claim raises a novel or complex issue of State law."

As the Court previously explained, "the critical issue in adjudicating the motion of the Sheriff's Office as to both Counts V and VII [of Plaintiff's Complaint] is whether the Sheriff's Office is a legal entity subject to suit under Florida law." Doc. 51, at 1. In its motion to dismiss, the Sheriff's Office cited Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), for the proposition that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." Doc. 7, at 4 (quoting Dean). However, despite that the determination of whether an entity is subject to suit ultimately depends on state law, the Sheriff's Office failed to cite any authority which indicated what status sheriffs' offices or departments hold under Florida law. Accordingly, on July 8, 2005, the Court ordered the parties to provide additional briefing on the issue.

Unfortunately, further briefing has failed to provide an adequate basis for the Court to resolve the matter and thus dispose of the Sheriff's Office's motion. In response to the Court's July 8, 2005 Order, the Sheriff's Office candidly admits that it "was unable to find any reported cases expressly holding that a sheriff's office or department is not a legal, suable entity" under Florida law. Doc. 53, at 3. Moreover, of the four cases which the Sheriff's Office cites as analogously supporting its position, only one was decided by a Florida state court. Id. at 3-4. Under different circumstances, such authority might have sufficed. In this instance, however, the principle of comity looms much too largely. Indeed, it seems almost self-evident that it is precisely in an instance such as this one, where the critical issue presented is, at once, both novel and quintessentially a matter of state law, that the superior expertise of state courts should be brought to bear. For these reasons and in accordance with 28 U.S.C. § 1367(c)(1), which provides that a "district court may decline supplemental

jurisdiction over a claim if . . . [it] raises a novel . . . issue of State law," the Court hereby declines supplemental jurisdiction over Counts V and VII of Plaintiff's Complaint and **REMANDS** these Counts to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. The Clerk is directed to remand only this portion of the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this ___21___ day of July, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party